UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE JARDINE, | No. 2:15-cv-1749 AC P |
| Plaintiff, | |
| v. | ORDER |
| UNKNOWN, | |
| Defendant. | |

    Plaintiff is a state prisoner incarcerated at the California Medical Facility (CMF) under the authority of the California Department of Corrections and Rehabilitation (CDCR), who proceeds pro se with this putative civil rights action under 42 U.S.C. § 1983.  Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  See ECF No. 7.

    Plaintiff sought to commence this action by filing a letter requesting an investigation into the alleged violation of plaintiff's Eighth Amendment right to constitutionally adequate medical care.  See ECF No. 1.  By order filed September 14, 2015, this court directed plaintiff to file a complaint on the form provided and to pay the filing fee or submit an application to proceed in forma pauperis.  See ECF No. 3.

////

////

Plaintiff has not yet filed a complaint in this action.[1] He did, however, file an application to proceed in forma pauperis, ECF No. 6, and a copy of his prisoner trust account statement, ECF No. 11. Plaintiff's application to proceed in forma pauperis is now complete, but will be granted *only if* plaintiff files a complaint that states a cognizable claim – **plaintiff does not need to file any additional matters in support of his in forma pauperis application.** The court will not act on plaintiff's application to proceed in forma pauperis until plaintiff files a proper complaint. **Plaintiff must promptly file a complaint in this action**, on the form provided with this order, as required by Rule 3, Federal Rules of Civil Procedure. To assist plaintiff in submitting his complaint, he is informed of the elements for stating an Eighth Amendment claim for deliberate indifference to serious medical needs.

## STANDARDS GOVERNING EIGHTH AMENDMENT MEDICAL CLAIMS

To state any cognizable claim under Section 1983, plaintiff must allege an actual connection or link between the challenged conduct of a specific defendant and plaintiff's alleged constitutional deprivation. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) (citations omitted).

To state a Section 1983 claim for violation of the Eighth Amendment premised on allegedly unconstitutional medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to [his] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Plaintiff must allege both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992) (on remand). A serious medical need exists if the failure to treat a prisoner's condition could result in further

---

[1] Plaintiff has, however, informed the court of his anticipated medical treatment, ECF No. 10; filed miscellaneous matters, see ECF Nos. 8, 12, 13; and notified the court of his change of address, ECF No. 14. Most recently, plaintiff inquired as to the status of this case. ECF No. 15.

1  significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has
2  a serious medical need are the following: the existence of an injury that a reasonable doctor or
3  patient would find important and worthy of comment or treatment; the presence of a medical
4  condition that significantly affects an individual's daily activities; or the existence of chronic and
5  substantial pain.  See e.g. Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990) (citing
6  cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989).

7        The defendant's requisite state of mind to sustain a prisoner medical claim is "deliberate
8  indifference."  Hudson v. McMillian, 503 U.S. 1, 5 (1992).  In Farmer v. Brennan, 511 U.S. 825
9  (1994), the Supreme Court established a very demanding standard for "deliberate indifference."
10 Negligence is insufficient.  Id. at 835.  Even civil recklessness (failure to act in the face of an
11 unjustifiably high risk of harm which is so obvious that it should be known) is insufficient to
12 establish an Eighth Amendment violation.  Id. at 836-37.  It is not enough that a reasonable
13 person would have known of the risk or that a defendant should have known of the risk.  Id. at
14 842.

15       In the Ninth Circuit, the test for deliberate indifference consists of two parts.  First, the
16 plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's
17 condition could result in further significant injury or the unnecessary and wanton infliction of
18 pain.  Second, the plaintiff must show the defendant's response to the need was deliberately
19 indifferent.  This second prong . . . is satisfied by showing (a) a purposeful act or failure to
20 respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.
21 Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation
22 marks omitted).  To state a claim for deliberate indifference to serious medical needs, a prisoner
23 must allege that a prison official "kn[ew] of and disregard [ed] an excessive risk to inmate health
24 or safety; the official must both be aware of the facts from which the inference could be drawn
25 that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511
26 U.S. at 837.

27       A difference of opinion between an inmate and prison medical personnel – or between
28 medical professionals – regarding appropriate medical diagnosis and treatment are not enough to

establish a deliberate indifference claim.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).  To establish a difference of opinion rising to the level of deliberate indifference, "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

## CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to commence a civil rights action under 42 U.S.C. § 1983.

2. Plaintiff shall, within thirty (30) days after service of this order, complete and file a complaint on the form provided with this order.

3. Plaintiff's failure to timely comply with this order will result in the dismissal of this action without prejudice.

SO ORDERED.

DATED: June 13, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE