UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE JARDINE, | No. 2:15-cv-1749 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| DR. JACK ST. CLAIR, | |
| Defendant. | |

I.   Introduction

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action against defendant prison physician Dr. St. Claire. Plaintiff contends that defendant was deliberately indifferent to his serious medical needs. Currently pending is defendant's motion to compel discovery. ECF No. 35. Also pending is plaintiff's request for service of two subpoenas duces tecum. ECF No. 37. For the reasons set forth below, defendant's motion is granted in full, and plaintiff's request is denied without prejudice.

II.   Defendant's Motion to Compel

Defendant's motion is based on the declaration of defense counsel, Deputy Attorney General John Bridges, and the attached exhibits. See ECF No. 35. Defense counsel contends that plaintiff failed to respond to defendant's Special Interrogatories, Set One (containing ten interrogatories), and Request for Production of Documents, Set One (containing four requests),

1

1 served on January 26, 2017.  See ECF No. 35-1, Exs. 1, 2.  Responses were due March 13, 2017.

2       Plaintiff also failed to appear at his noticed deposition.  Defense counsel recounts that he
3 served a first Notice of Deposition to plaintiff on February 2, 2017, scheduling his deposition for
4 February 28, 2017.  Id., Exs. 3, 4.  Plaintiff reportedly called defense counsel to reschedule the
5 deposition, but did not provide alternative dates.  Defense counsel served an Amended Notice of
6 Deposition to plaintiff on March 2, 2017, with a deposition date of March 17, 2017.  Id., Exs. 5,
7 6.  Plaintiff did not appear for the deposition.  Id., Ex. 7.  Defense counsel again corresponded
8 with plaintiff in an effort to select another date for his deposition, and requested that plaintiff
9 provide, by April 11, 2017, alternative dates for his deposition.  Id., Ex. 8.  Counsel also
10 requested that plaintiff provide his written discovery responses by April 11, 2017.  Id.  Plaintiff
11 left a voicemail for defense counsel, explaining (as he had previously) that the date for his
12 deposition needed to accommodate plaintiff's medical appointments and his wife's work schedule
13 because she would be transporting plaintiff.  Id.  Defense counsel responded by letter dated April
14 17, 2017, requesting available dates and offering to conduct plaintiff's
15 deposition at a location closer to his home.  Id., Exs. 8, 9.  Plaintiff reportedly failed to respond to
16 defense counsel's letter.

17       Defendant filed the pending discovery motion on May 30, 2017.  See ECF No. 35.
18       In response, on June 8, 2017, plaintiff filed a one-page statement asserting, without further
19 explanation, that he appeared at defense counsel's office for his noticed deposition; and that
20 defense counsel sought release of plaintiff's medical records using the wrong inmate number.
21 See ECF No. 36.  Plaintiff also submitted two proposed subpoenas duces tecum:  the first
22 addressed to the "California Dept. of Corrections (Medical 602's);" the second to Dr. Steven
23 Smith (CDCR) Employee."  ECF No. 37 (submissions).

24       Under Rule 37(a)(3)(B), Federal Rules of Civil Procedure, a party seeking discovery may
25 move for an order compelling such discovery.  The court has reviewed defendant's written
26 discovery requests and finds each interrogatory and document request to be relevant to the factual
27 and legal issues presented in this case.  The court will direct plaintiff to answer each interrogatory
28 to the best of his ability, and to produce the requested documents that are in plaintiff's current

1  custody or control. If plaintiff is unable to provide some of the information or documents
2  requested, he should say so, and explain why.
3    Plaintiff is informed that failure to comply with a court order directing responses to
4  discovery may result in sanctions that could impair plaintiff's ability to further pursue the merits
5  of this case. See Fed. R. Civ. P. 37(b)(2)(A).
6    III.    Plaintiff's Request for Service of Subpoenas Duces Tecum
7    The court now turns to plaintiff's proposed subpoenas duces tecum. A subpoena duces
8  tecum directs a non-party to produce documents or other tangible objects for inspection. See Fed.
9  R. Civ. P. 45(a)(2). Because plaintiff is proceeding in forma pauperis, he is entitled to obtain
10 personal service of an authorized subpoena duces tecum by the United States Marshal. See 28
11 U.S.C. § 1915(d). A subpoena must be personally served or it is null and void. Fed. R. Civ. P.
12 45(c); Gillam v. A. Shyman, Inc., 22 F.R.D. 475 (D. Alaska 1958).
13   The court's review of plaintiff's proposed subpoenas demonstrates that both are
14 inadequate. Neither proposed subpoena describes the documents to be produced, or the place and
15 date of production.[1] The documents sought by plaintiff's first proposed subpoena, his "Medical
16 602s," which the court construes as plaintiff's relevant medical prison grievances/appeals, should
17 be in the possession of defense counsel or readily accessible by defense counsel. Accordingly,
18 defense counsel will be directed to provide plaintiff with copies of his medical prison
19 602's/grievances/appeals relevant to the instant action. A subpoena is unnecessary.
20   The information sought by plaintiff's second proposed subpoena, directed to "Dr. Steven
21 Smith (CDCR) Employee," is not identified in the subpoena, nor is it apparent from plaintiff's
22 complaint, ECF No. 17, or his initial request for issuance of subpoenas, ECF No. 32. The

---

[1] The court previously informed plaintiff of the following requirements for completing a subpoena form, see ECF No. 34 at 2-3:
> [A] motion requesting issuance of a subpoena duces tecum [must] be supported by: (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party. [Cases.] The person to whom the subpoena is directed must be clearly and readily identifiable, with an accurate physical address to enable personal service of the subpoena. See Fed. R. Civ. P. 45(a)(1)(A)(iii).

3

proposed subpoena also lacks a physical address for service of the subpoena. This proposed subpoena is denied without prejudice. Plaintiff may file another motion requesting issuance and service of a subpoena duces tecum on Dr. Steven Smith. Such motion must clearly and specifically identify the information sought from Dr. Smith, how the information is relevant to this case and how it is in the unique possession of Dr. Smith. Defense counsel will be requested to attempt to identify CDCR physician Dr. Steven Smith and his physical address for purposes of service, and to provide such information to plaintiff.

### IV.    Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel discovery, ECF No. 35, is granted.

2. Plaintiff shall, on or before **August 18, 2017**: (1) serve his responses to Defendant's Special Interrogatories, Set One, and Defendant's Requests for Production of Documents, Set One, and (2) provide defense counsel with at least three (3) dates, none later than September 29, 2017, when plaintiff is available to participate in his deposition.

3. Defense counsel shall, within **ten (10) days** after the filing date of this order, provide plaintiff with: (1) copies of his medical prison 602's/grievances /appeals relevant to the instant action; and (2) any reasonably available information that identifies CDCR physician Dr. Steven Smith and his physical address for purposes of service.

4. Plaintiff's request for issuance of two subpoenas duces tecum, ECF No. 37, is denied without prejudice.

5. Plaintiff may, within **twenty-one (21) days** after the filing date of this order, file and serve a motion requesting the issuance of a subpoena duces tecum on Dr. Steven Smith; such motion shall include all relevant information identified in this order.

6. The discovery deadline, which expired on June 30, 2017, is extended only for the limited purposes authorized by this order.

////

////

////

7. Due to these several matters, the deadline for filing dispositive motions is extended from September 29, 2017 to **December 15, 2017**.

SO ORDERED.

DATED: July 25, 2017

                                                            _____
                                                            ALLISON CLAIRE
                                                            UNITED STATES MAGISTRATE JUDGE

5