| | |
|---|---|
| DALE JARDINE, | No. 2:15-cv-1749 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| DR. JACK ST. CLAIR, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintif is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action. Plaintiff is pursuing an Eighth Amendment claim against sole defendant Dr. Jack St. Claire, a prison physician, for deliberate indifference to plaintiff's serious medical needs. Currently pending is plaintiff's request for additional time to respond to defendant's outstanding discovery requests, which the court denies.

Plaintiff commenced this action in 2015 while incarcerated at the Sierra Conservation Center; he was paroled in August 2016. The court issued the initial Discovery and Scheduling Order in November 2016, setting a discovery deadline of March 31, 2017, and a dispositive motion deadline of June 30, 2017. See ECF No. 29. Those dates have been extended several times at plaintiff's request. Most recently, by order filed March 29, 2018, the court set May 18, 2018 as the deadline for the following matters: (1) plaintiff to serve his responses to Defendant's Special Interrogatories, Set One, and Defendant's Requests for Production of Documents, Set

1

One, and (2) plaintiff to provide defense counsel with at least three (3) dates, none later than June 15, 2018, for his deposition. See ECF No. 47 at 2-3. Defense counsel was directed to conduct plaintiff's deposition "at a location and time convenient to plaintiff, in deference to his health needs." Id. at 3. The court extended the discovery deadline to June 15, 2018, for these limited purposes, and extended the dispositive motion deadline to August 31, 2018. Id. Significantly, the court informed plaintiff that no further extensions of time would be granted, explaining, id. at 2:

> The court will again extend deadlines in this case, but for the last time. Plaintiff is informed that should he fail to cooperate with defense counsel to conclude all outstanding discovery, including the taking of plaintiff's deposition, or fail to adhere to the deadlines now set by this court, the undersigned will recommend to the assigned district judge that this action be dismissed due to plaintiff's failure to prosecute and failure to adhere to the rules and orders of this court. See Fed. R. Civ. P. 11, 41(b); see also Local Rule 110.

The court further warned, id. at 3:

> Should plaintiff fail to meet any of these deadlines, without a supported showing of extraordinary cause, this court will recommend the dismissal of this action due to plaintiff's failure to prosecute and failure to adhere to the rules and orders of this court. See Fed. R. Civ. P. 11, 41(b); see also Local Rule 110.

On May 17, 2018, plaintiff filed the pending request for extended time,[1] on the ground that defense counsel failed to respond to plaintiff's telephone calls. See ECF No. 48. Defense counsel has filed an opposition detailing how he responded to plaintiff's voicemails (including conversing with plaintiff's wife, at plaintiff's request), and stating that he spoke directly with plaintiff on May 15, 2018. On that date, the parties agreed to a tentative deposition date of June 6, 2018, at 10:00 a.m., at plaintiff's home, provided defense counsel first received plaintiff's written discovery responses. Defense counsel offered an informal one-week extension of time, to May 25, 2018, to receive plaintiff's written discovery responses. See ECF No. 49. The next communication defense counsel received was notice of the court's electronic filing of plaintiff's pending request.

---

[1] The court liberally construes plaintiff's request which more specifically asks the court to "vacate" defendant's pending discovery requests. See ECF No. 47.

| | |
|---|---|
| 1 | The court will enforce the deadlines established by order filed March 29, 2018 (ECF No. |
| 2 | 47). Plaintiff has failed to demonstrate any cause for further authorized delay in this case. The |
| 3 | parties are encouraged to resolve the outstanding discovery matters informally, subject to the final |
| 4 | June 15, 2018 discovery deadline. Failure of plaintiff to provide written discovery responses or to |
| 5 | attend his deposition may, upon a properly-supported defense motion filed and served after June |
| 6 | 15, 2018, result in the imposition of sanctions that may include the deemed admission or |
| 7 | preclusion of disputed facts or dismissal of this case. <u>See</u> Fed. R. Civ. P. 37. |
| 8 | Accordingly, IT IS HEREBY ORDERED that plaintiff's request for additional time to |
| 9 | conduct discovery, ECF No. 48, is DENIED. |
| 10 | DATED: May 23, 2018 |

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE