UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE JARDINE,<br><br>    Plaintiff,<br><br>v.<br><br>DR. JACK ST. CLAIR,<br><br>    Defendant. | No. 2:15-cv-1749 MCE AC P<br><br>ORDER |

Plaintiff, a former state prisoner proceeding pro se with this civil rights action, requests appointment of counsel, subpoenas for witnesses, and a copy of Rule 56, Federal Rules of Civil Procedure 56, for the purpose of preparing his opposition to defendant's pending motion for summary judgment. See ECF No. 53.

The Federal Rules are available on the court's website, as are this court's Local Rules; Local Rule 260 sets forth the requirements for opposing a motion for summary judgment under Federal Rule 56.

Plaintiff does not explain his request for witness subpoenas, which are generally used to obtain the appearance of witnesses at trial. Such a request is premature. If plaintiff wishes to present witness statements in opposition to summary judgment, he may simply file and serve the sworn declarations of his witnesses as part of his evidence in opposition to the motion. If plaintiff is attempting to memorialize the statements of witnesses who do not wish to voluntarily provide

declarations, he is reminded that discovery has closed and the court has previously denied his request to extend the discovery period. See ECF No. 50. For these reasons, plaintiff's request will be denied.

Plaintiff also requests appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish the requisite exceptional circumstances.

In the present case, the court does not find the required exceptional circumstances at this time. With the cooperation of defense counsel and leniency of the court, plaintiff has been permitted to pursue this action at his own pace, with numerous extensions of time due to his medical conditions and other special circumstances. Throughout this process, plaintiff has ably articulated and pursued his claims without an attorney, and to advocate for himself on an as-needed basis. Although plaintiff's likelihood of success on the merits of his claims remains unclear, he is no longer incarcerated and therefore able to draw on community resources (such as free county law libraries) to prepare his opposition to the pending motion. For these reasons, plaintiff's request for appointment of counsel will be denied without prejudice. Should this case proceed to trial, plaintiff may renew his request.

Under Local Rule 230(l), plaintiff's opposition is due within 21 days after service of defendant's motion for summary judgment. Allowing three days for service of the motion by mail, plaintiff's opposition is currently due by September 24, 2018. In light of the decisions set forth in this order, the court will extend plaintiff's deadline.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel, ECF No. 53, is denied without prejudice.

2. Plaintiff's request for witness subpoenas is denied without prejudice.

3. Plaintiff's requests for documents is denied as moot, as the requested documents are publicly available as set forth above.

4. The deadline for plaintiff's opposition to defendant's motion for summary judgment is extended to Friday, October 19, 2018; defendant's reply is due seven (7) days after the opposition is electronically filed on the case docket.

IT IS SO ORDERED.

DATED: September 19, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE