1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DALE JARDINE,                              No.  2:15-cv-1749 MCE AC P

12                    Plaintiff,

13           v.                                   ORDER

14    DR. JACK ST. CLAIR,

15                    Defendant.

16

17           Plaintiff, a former state prisoner proceeding pro se and in forma pauperis with this civil

18    rights action, again seeks extended time and appointment of counsel.  ECF No. 59.  This case is

19    currently scheduled for hearing December 12, 2018, on defendant's motion for summary

20    judgment.  For the reasons that follow, plaintiff's requests are denied.

21           The court has provided plaintiff with numerous extensions of time in this case.  For

22    example, plaintiff's deposition was postponed for more than fifteen months in response to

23    plaintiff's numerous requests for extended time.[1]  As recently recounted by the court in denying

24    plaintiff's prior request for appointment of counsel, ECF No. 54 at 2:

25                    With the cooperation of defense counsel and leniency of the court,
                      plaintiff has been permitted to pursue this action at his own pace,
26

27    _____

      [1]  See ECF No. 35-1 at 14 (deposition initially noticed for February 28, 2017); ECF No. 49 at 2
28    (deposition scheduled for June 6, 2018); ECF No. 50 at 2 (designating June 15, 2018 as the last
      date to conduct plaintiff's deposition).

                                                    1

with numerous extensions of time due to his medical conditions and other special circumstances. Throughout this process, plaintiff has ably articulated and pursued his claims without an attorney, and to advocate for himself on an as needed basis. Although plaintiff's likelihood of success on the merits of his claims remains unclear, he is no longer incarcerated and therefore able to draw on community resources (such as free county law libraries) to prepare his opposition to the pending motion. For these reasons, plaintiff's request for appointment of counsel will be denied without prejudice. Should this case proceed to trial, plaintiff may renew his request.

Thereafter, when plaintiff failed to file a timely opposition to defendant's motion for summary judgment, previously scheduled for hearing on November 14, 2018, the court, sua sponte, extended both the date for hearing and the deadline for plaintiff's opposition. See ECF No. 58. The court informed plaintiff, id. at 1-2 (emphasis added):

This order provides plaintiff one final opportunity to respond to defendant's motion and informs plaintiff that failure to so respond will result in the undersigned's recommendation that this action be dismissed. . . . **No further extensions of time will be granted**. [¶] Should plaintiff fail to timely file and serve an opposition to defendant's motion, the undersigned will recommend that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

Plaintiff again avers that significant health challenges prevent him from proceeding in this action in a timely manner and without appointed counsel. ECF No. 59. No further leniency is warranted in this case. Plaintiff is not unique as a pro se plaintiff with personal challenges, and all pro se litigants are obliged to adhere to the same rules and obligations as represented parties.[2]

For these reasons, and for the numerous reasons previously stated by this court, plaintiff's requests for extended time and for appointment of counsel will be denied. Plaintiff may direct his general request for "papers to[] respond to [defendant's] motion," ECF No. 59 at 1, to defense counsel as a request for courtesy copies of specifically identified documents. Plaintiff may also request copies from the Clerk of Court, which will require payment; plaintiff is provided a courtesy copy of the docket for reference. Finally, in response to plaintiff's inquiry concerning

---

[2]  As provided in pertinent part by Local Rule 183(a): "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules."

the rule he needs to reference in responding to defendant's motion, the court will direct the Clerk of Court to send plaintiff a copy of Local Rule 260 (which reflects the requirements of Fed. R. Civ. P. 56).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for extended time, ECF No. 59, is denied.

2. Plaintiffs request for appointment of counsel, ECF No. 59, is denied without prejudice for the reasons previously stated by the court (see ECF No. 54).

3. The Clerk of Court is directed to send plaintiff, together with a copy of this order: (a) a copy of the docket in this case, and (b) a copy of Local Rule 260.

4. Assuming plaintiff's timely briefing in response to defendant's motion for summary judgment, plaintiff may request to appear telephonically at the hearing scheduled for December 12, 2018, by contacting the undersigned's Courtroom Deputy, Valerie Callen, at 916-930-4199, no later than Monday, December 10, 2018.

DATED: November 9, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE